UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:12-CR-00146-07-08 |
| VERSUS | JUDGE FOOTE |
| ALEXANDER DERRICK REECE (01)<br>DREW T. GREEN (02)<br>THOMAS WILLIAM MALONE, JR. (03)<br>BOYD ANTHONY BARROW (04)<br>JOSHUA ESPINOZA (05)<br>CURIOUS GOODS LLC (06)<br>RICHARD JOSEPH BUSWELL (07)<br>DANIEL JAMES STANFORD (08)<br>DANIEL PAUL FRANCIS (09)<br>BARRY L. DOMINGUE (10) | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION ON MOTION TO SUPRESS
**(Rec. Doc. 250)**

Before the court on referral from the district court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Cr.P. 59(b)(1) is defendant Buswell's (07) motion to supress statements made to law enforcement while incarcerated [Rec. Doc. 250] which was adopted by defendant Stanford (08), [Rec. Docs. 338, 346] and opposed by the government. In this motion, Buswell sought to suppress statements made by him on the basis they were obtained in violation of his Fifth Amendment privilege against self-incrimination and his

Sixth Amendment right to counsel.

On July 23, 2013 the undersigned issued a Report and Recommendation on Buswell's plea of guilty. (Rec. Doc. 618) The district court issued its Judgment adopting the Report and Recommendation on August 12, 2013. (Rec. Doc. 629)

Prior to the change of plea hearing, the government had indicated that it would not seek to introduce the statements that are the subject of this motion in its case and chief and remains of that position since the change of plea hearing. (Rec. Doc. 637 p.7) Therefore, the motion to suppress should be denied as moot.

Daniel Stanford, who adopted the motion, lacks standing to challenge an alleged violation of Buswell's Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel as they are personal rights which may not be vicariously asserted. See *Bellis v. United States,* 417 U.S. 85, 89-90 (1974), *United States v. Scallion* 533 F.2d 903, 916 (5th Cir. 1976) where the Fifth Amendment right against self-incrimination at issue; and *Faretta v. California,* 422 U.S. 806, 832 (1975), *United States v. Johnson* 267 F.3d 376, 380 (5th Cir. 2001) where Sixth Amendment right to counsel at issue.

Accordingly,

**IT IS RECOMMENDED** that the motion so suppress be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Cr.P.59(b)(2), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or on a date set by the district court, shall act to waive the party's right to review by the district court. Fed.R.Cr. P. 59(b)(2).

Signed at Lafayette, Louisiana on this 5th day of September, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE