UNITED STATES DISTRICT COURT
WESKERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

───────────────────────────────────────────────

UNITED STATES OF AMERICA					CRIMINAL NO. 6:12-cr-146-07

VERSUS							JUDGE ELIZABETH E. FOOTE

RICHARD BUSWELL						MAGISTRATE JUDGE HANNA

───────────────────────────────────────────────

## **MEMORANDUM RULING**

Before the Court is a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 by Petitioner Richard Buswell ("Buswell"). Record Document 1227. Buswell contends that his counsel, Daniel Stanford ("Stanford"), labored under a conflict of interest when representing him, in violation of the Sixth Amendment. This contention fails in that Stanford, a co-defendant, never represented Buswell in this matter. Rather, Ian Hipwell ("Hipwell"), a member of the CJA panel, was appointed to represent Buswell at the time of his initial appearance. Record Document 39. Andre Belanger ("Belanger"), another CJA attorney, was appointed as co-counsel several months later. Record Document 192. These two attorneys represented Buswell through sentencing and the filing of the notice of appeal. Record Documents 969 and 990. At no time in this proceeding was Stanford enrolled or appointed to represent Buswell. For this reason and the reasons enunciated below, Buswell's section 2255 motion is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### **Background**

Although Stanford did not represent Buswell in this case, which centers on the

distribution of synthetic cannabinoids, he did represent Buswell in another criminal case involving securities fraud. Because the time periods in which Buswell was represented by Stanford (in one case) and Hipwell (in this case) did briefly overlap and because Buswell conflates the two cases in his motion, this Court will outline the chronology of the two cases.

Prior to the commencement of this case, Buswell was indicted on multiple fraud violations on August 10, 2011, in United States v. Buswell, 11-cr-198 (the "securities fraud" matter). On October 14, 2011, at his arraignment in that case, Stanford enrolled as Buswell's retained attorney. Id., Record Document 12. The securities fraud case was handled by a different district court judge than the present case, and by two magistrate judges, one of whom was the same magistrate as in this case. On December 15, 2011, the magistrate judge held a revocation hearing[1] and ordered Buswell detained pending the securities fraud trial.[2] One basis of the order was the court's finding that the government had established probable cause to believe that Buswell had committed violations of two state laws, one of which was the distribution of synthetic cannabinoids. Id., Record Document 48. Stanford represented Buswell at that revocation hearing. Id., Record Document 45.

On April 18, 2012, the Government filed a "Motion To Evaluate Conflict of Interest"

---

[1] This was a revocation of Buswell's pretrial supervised release.

[2] In his briefs to this court, Buswell represents that this revocation hearing was held in the present case, that is, the synthetic cannabinoids case. See Record Document 1227, p. 20. That is incorrect. See 11-cr-198, Record Documents 41 and 45.

2

in the securities fraud case. Id., Record Document 74. This motion was filed well before any plea by Buswell in the securities fraud case and just shortly before his indictment in the present case. The thrust of the Government's motion was that Stanford had a conflict of interest and should no longer be allowed to represent Buswell in the securities fraud case. That motion set forth not just Buswell's suspected role in the scheme to sell synthetic cannabinoids, but Stanford's role as well. Id. The magistrate judge held a hearing on this motion over two days, May 14, 2012 and May 22, 2012. 11-cr-198, Record Documents 79 and 92. The magistrate judge also provided Buswell with an extra safeguard– he appointed Hipwell, from the CJA panel, to represent Buswell on the conflict issue, if necessary. Id., Record Document 93, p. 3. Hipwell was ordered to review the evidence submitted by both sides, visit with Buswell outside of the presence of Stanford, and advise Buswell on the pending issue of conflict. Id., p. 4. Buswell confirmed under oath that he had met with Hipwell prior to the second day of the hearing. Id.

Between the filing of the Government's motion and these hearing dates, an important event took place. On May 12, 2012, a federal grand jury returned an indictment in the present case charging Buswell and two others with one count of Conspiracy To Distribute a Schedule I Controlled Dangerous Substance. United States v. Reece, et al, 12-cr-146, Record Document 1. Stanford was not originally charged in that indictment. The indictment was sealed, and Buswell was not arrested until some time later. The docket reflects that he was arraigned on June 13, 2012, with Hipwell as his appointed counsel, as noted above. Apparently, neither Buswell nor Stanford were aware of the pending

3

indictment in this case at the time of the May 14 and 22 Garcia[3] hearings in the securities fraud case.

On June 25, 2012, the magistrate judge ruled that Stanford was disqualified from serving as Buswell's lawyer in the securities fraud matter. 11-cr-198, Record Document 93. The twenty page opinion, issued after the two-day hearing and post-hearing briefing, detailed Stanford's alleged involvement in the synthetic cannabinoids scheme and the direct conflict with Buswell's interests that those allegations implied. The opinion recounted the magistrate judge's caution to Buswell of the specific ways in which Stanford had a "serious potential for conflict," if not "an actual conflict," and noted Buswell's testimony that he was waiving the conflict. Id., pp. 5-6. The court found that the waiver was voluntary but nonetheless held that it could not accept that waiver and disqualified Stanford. Id., p. 19. Hipwell at that point assumed Buswell's defense and filed motions to continue the securities fraud trial on his behalf. Id., Record Document 100.

But on August 3, 2012, Stanford filed on both his own and on Buswell's behalf a request for a "review and appeal" or "rehearing" of the magistrate judge's order disqualifying him from representing Buswell in the securities fraud case. Id., Record Document 105. On September 4, 2012, Stanford was indicted on eight counts in the synthetic cannabinoids case. 12-cr-146, Record Document 54. On September 28, 2012, the magistrate judge denied in a written opinion Stanford's request for rehearing on his disqualification in the securities fraud case. 11-cr-198, Record Document 109. After the

---

[3] United States v. Garcia, 517 F.2d 272 (5th Cir. 1975).

4

September 28 ruling, Stanford does not appear in the securities fraud docket on behalf of Buswell. On July 24, 2013, Buswell, assisted by Hipwell, entered a guilty plea to one count of wire fraud, and on May 14, 2014, was sentenced to 126 months' imprisonment. Id., Record Documents 161 & 243. No appeal was ever taken from that sentence or the guilty plea, nor have any motions of any kind been filed attacking that sentence or the guilty plea.

As for this case involving synthetic cannabinoids, Buswell pled guilty on July 19, 2013 before the magistrate judge to one count of Conspiracy To Distribute a Controlled Substance Analogue, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(c), 813, and 802(32)(A). 12-cr-146, Record Document 613. On December 22, 2014, he was sentenced to 103 months' imprisonment. Id., Record Document 969. Not only were Hipwell and Belanger the only two attorneys present on behalf of Buswell at both the change of plea hearing and the sentencing, they are the only two attorneys whose names appear anywhere in the docket on behalf of Buswell.[4]

Having exhausted all appeals, Buswell timely filed the instant § 2255 motion which raises in his words a single claim: "Was defense counsel Mr. Stanford laboring under a conflict of interest while representing Richard Buswell in violation of the United States constitution's Sixth Amendment, that sets forth a defendant's right to effective counsel?" Id., Record Document 1227, p. 4.

---

[4] Stanford represented himself in this case through trial and sentencing.

**Law and Analysis**

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (quoting Kuhn v. United States, 432 F.2d 82, 83 (5th Cir. 1970)). The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

A § 2255 motion for post-conviction relief is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." § 2255, ¶ 6(1).

Relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. United States v. Petrus, 44 F.3d 1004, *8 (5th Cir. 1994) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show

6

that the prisoner is entitled to no relief." United States v. Arguellas, 78 F. App'x. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. United States v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981) (citing Buckelew v. United States, 575 F.2d 515 (5th Cir. 1978)).

The sole issue raised in the present § 2255 motion is whether Stanford's representation of Buswell in United States v. Reece, et al, 12-cr-146, was a conflict of interest. However, at no time during the proceedings in this matter did Stanford represent Buswell. The supporting facts set forth by Buswell in the motion before this Court all involve Stanford's representation of him in the securities fraud matter. See Record Document 1227, p. 4. The juxtaposition of two independent criminal matters proceeding simultaneously against the same defendant may cause confusion. Despite that, the record is absolutely clear– there is no Sixth Amendment violation in this case based upon Stanford's alleged conflict of interest because Stanford never represented Buswell in this matter.

## Conclusion

For the foregoing reasons, based on the record and the relevant jurisprudence, **IT IS ORDERED** that Buswell's motion under 28 U.S.C. § 2255 is **DENIED and DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. Because Buswell's claim is plainly refuted by the record, no evidentiary hearing is required. See

United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989).  The motion for appointment of counsel for an evidentiary hearing [Record Document 1243] is **DENIED**.

Any other motions pending in this case are likewise **DENIED as moot**, and this matter is hereby **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal.  In this case, a certificate of appealability is **DENIED** because Buswell has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of April, 2018.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE