**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

_____

UNITED STATES OF AMERICA           CRIMINAL NO. 6:12-cr-146-07

VERSUS           JUDGE ELIZABETH E. FOOTE

RICHARD BUSWELL           MAGISTRATE JUDGE HANNA

_____

## MEMORANDUM ORDER

Before the Court is a "Motion For Reconsideration Pursuant to Fed. R. Crim. P. Rule 59(e)," filed by Petitioner Richard Buswell ("Buswell"). Record Document 1248. On April 24, 2018, this Court denied Buswell's motion to vacate under 28 U.S.C. § 2255. Record Document 1245. Buswell now seeks reconsideration of that ruling. As discussed below, the instant motion constitutes a second or successive application for habeas relief. Therefore, the Court finds that it lacks jurisdiction to consider this motion unless or until the Fifth Circuit grants Buswell leave to proceed.

A.     Background.

As previously mentioned, this Court just recently denied Buswell's Section 2255 motion, in which he claimed ineffective assistance of counsel by co-Defendant Daniel Stanford ("Stanford"). Stanford was an attorney who represented Buswell in another federal criminal matter involving securities fraud, yet ultimately was indicted alongside Buswell in this case which centers on the distribution of synthetic cannabinoids. As the Court found, Stanford never represented Buswell in this matter. Rather, Ian Hipwell and Andre Belanger, both CJA-appointed attorneys, represented Buswell. The Court found that

Buswell conflated the two criminal cases when claiming that Stanford suffered from a conflict of interest in representing Buswell:

> [A]t no time during the proceedings in this matter did Stanford represent Buswell. The supporting facts set forth by Buswell in the motion before this Court all involve Stanford's representation of him in the securities fraud matter. See Record Document 1227, p. 4. The juxtaposition of two independent criminal matters proceeding simultaneously against the same defendant may cause confusion. Despite that, the record is absolutely clear– there is no Sixth Amendment violation in this case based upon Stanford's alleged conflict of interest because Stanford never represented Buswell in this matter.

Record Document 1245, p. 7.

Buswell seemingly concedes that the Court correctly concluded that Stanford was not his attorney of record in this case, however he argues for the first time that Stanford "did in fact formally represent Mr. Buswell in compliance with the Sixth Amendment during pre-indictment proceedings." Record Document 1248, p. 4. Buswell now alleges that Stanford did actually represent him in interviews with federal investigators;[1] that "it cannot reliably be said that Mr. Stanford ceased to represent Mr. Buswell after he was formally removed by the Garcia hearing;" that Stanford continued to charge Buswell legal fees for representation in the drug case; and that, even after the Garcia hearing, Stanford visited Buswell and his mother on a weekly basis to discuss and advise them on the drug case. Id., pp. 6-8. In closing, Buswell argues that because of their joint defense agreement, Stanford was "given unrestricted access to his then codefendant . . . to promote his own

---

[1] Based on the dates provided by Buswell, these interviews likely related to the securities fraud matter for which Stanford represented Buswell and occurred before Stanford was disqualified from that representation.

2

agenda . . . ." Id. at p. 8.

B.  Law and Analysis.

Federal Rules of Civil Procedure 59 and 60 provide for relief from a civil judgment or order. These rules are often invoked by criminal defendants in the context of Section 2255 motions. The Court must determine whether Buswell's submission is a true Rule 59(e) motion or an unauthorized, successive Section 2255 petition. Buswell has styled the instant motion as a motion for reconsideration under Rule 59(e).[2] However, the title he chooses for his motion is not dispositive of how this Court classifies it. See United States v. Brown, 547 F. App'x 637, 641 (5th Cir. 2013).

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court examined the intersection of a subsequent habeas petition with Rule 60. There, the Court made the distinction between substance and procedure. "A motion is substantive—and thus a successive habeas petition—if it 'seeks to add a new ground for relief,' or if it 'attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.' If, however, the motion challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas

---

[2] Buswell actually states that his motion is brought under Federal Rule of Criminal Procedure 59(e). As Federal Rule of Criminal Procedure 59 relates to "Matters Before a Magistrate Judge," and is irrelevant to this motion, the Court presumes that Buswell really meant Federal Rule of Civil Procedure 59.

proceedings,' then a Rule 60(b) motion is proper."[3] In re Coleman, 768 F.3d 367, 371 (5th Cir. 2014) (quoting Gonzalez, 545 U.S. at 532). Gonzalez has been applied by the Fifth Circuit to Section 2255 cases. Brown, 547 F. App'x at 641.

In this case, Buswell's motion is substantive. Claiming a denial of conflict-free counsel, in violation of the Sixth Amendment, is a substantive claim, not a procedural one. To the extent this is a "new" claim because it relies on different facts than those previously disclosed to the Court, it still constitutes a substantive challenge. To the extent this is just simply a new iteration of the same claim previously lodged, it is an attack on the Court's resolution of Buswell's claim on the merits. In short, Buswell has challenged the merits of the Court's conclusion that his Section 2255 petition should be denied, and therefore, the instant motion is a second or successive habeas petition.

Pursuant to 28 U.S.C. § 2244(b)(3), a petitioner seeking to file a second or successive habeas petition must first obtain permission from the court of appeal. Buswell has not obtained such permission from the Fifth Circuit. Accordingly, the instant motion is **DENIED WITHOUT PREJUDICE** pending authorization to proceed from the Fifth Circuit.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this ___11th___ day of May, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] Examples of attacking a defect in the integrity of the proceedings include allegations of fraud on the court or a challenge to a procedural ruling that pretermitted a merits-based decision. Brown, 547 F. App'x at 641.